UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CR 25-1 |
| | ) | Hon. Judge Hibbler |
| JEAN MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MARSHALL'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM**

Now Comes JEAN MARSHALL, by and through her attorney, Ralph J. Schindler, Jr., and does make the following objections to the Presentence Investigation Report of July 3, 2008 (hereafter "PSI Report"):

**Lines 271-288**

The report shows Defendant's equity in her personal residence of $34,000 based on a fair market value of approximately $200,000, a mortgage balance of $102,000 and Defendant's 1/3 ownership interest. However, it should be noted that, as described in lines 333-338, Defendant has obtained a reverse mortgage for her equity, and $25,000 of such funds are currently held in the Client Funds Account of Ralph J. Schindler, Jr. for the payment of restitution in this case. As the court is aware, the court must order restitution in the amount of approximately $91,000. When this liability is subtracted from the Net Worth calculation, it is clear that Defendant has no "net worth" and will not be able to pay a fine. Accordingly, it is requested that the "net worth" calculation be updated to reflect the reverse mortgage, the funds being held for payment of restitution and the restitution liability.

1

**Lines 373-374:**

Defendant does not disagree with the analysis given regarding Probation but reminds the court that the Guideline Sentence is "advisory" only and must be considered by the court as one of the factors under 18 U.S.C. Section 3553 as discussed *infra*. Further, since the Guideline Sentence falls in Zone C, the court may consider the provisions of Section 5C1.1(d)(2) which would allow the court to split a sentence at the low end of the guideline between a period of incarceration and home detention.

**Lines 383-384:**

The report states that the "fine range for the instant offense is from $3,000 to $30,000" pursuant to U.S.S.G. Section 5E1.2(c)(3). However, it is submitted that this section allows the court to waive a fine if the defendant is unable to afford a fine. As stated in 5E1.2(a), a fine is not required "where the defendant establishes that (s)he is unable to pay and is not likely to become able to pay any fine." It is submitted that, after the adjustments set forth above, the defendant is unable to pay any such fine and is not likely to become able to pay any fine.

**Lines 398-400:**

Defendant objects to the Officer's conclusion that there are no circumstances warranting departure from the guideline calculation in this instance. While the factors discussed below such as Defendant's age, her prior criminal history, her restitution, etc. are not covered under the guidelines as "Departures", it is submitted that these are "factors" that must be considered under 18 U.S.C. Section 3553 to determine the appropriate sentence in this case.

**Analysis under 18 U.S.C. Section 3553:**

While the court is required to calculate a suggested sentence under the Sentencing Guidelines, such Sentencing Guidelines are only advisory in nature. In imposing sentence, the

court is to be guided by 18 U.S.C. Section 3553(a) in determining the appropriate sentence to impose. That section provides, in part:

> (a) Factors to be considered in imposing a sentence.
> The court shall impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>> (2) the need for the sentence imposed—
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>> (B) to afford adequate deterrence to criminal conduct;
>>> (C) to protect the public from further crimes of the defendant; and
>>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>>
>> (3) the kinds of sentences available;
>> (4) the kinds of sentence and the sentencing range established for--
>>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . .
>>
>> (5) any pertinent policy statement—
>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>> (7) the need to provide restitution to any victims of the offense

Under this standard, the court is to look first to a consideration of the nature and circumstances of the offense and the history and characteristics of the defendant.

### *The nature and circumstances of the offense and the history and characteristics of the defendant*

While the nature of the charges and the criminal history of the defendant would seem to suggest a Guideline Sentence was appropriate, it is submitted that the characteristics of the Defendant suggest less than a Guideline Sentence should apply here. The Defendant is a 74 year old woman in ill health with no prior criminal history. Defendant originally obtained the second social security number in 1953 while in the process of escaping from an abusive home situation. The benefits she received from 1993 were used, in part, to support her mother and the 5 children

as set forth in the letters of support. While her criminal history is factored into the Guideline calculation, it is submitted that her age and health are factors that this court should consider in fashioning a sentence that is "sufficient but not greater than necessary" to effect the goal of sentencing.

Defendant has submitted various letters of support from family and friends attesting to her character and reputation in the community. She is a mother and grandmother many times over. She is retired with numerous health problems. It is submitted that her age and health are factors that the court should consider in arriving at an appropriate sentence in this case. When all these factors are considered, it is submitted that a Sentence of Supervised Release and Mandatory Restitution meet the criteria set forth in this section.

***The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant***

It is submitted that several of the factors set forth in 3553(a)(2) do not apply in this case. As to the issue of recidivism, it is clear that Defendant will never commit this crime again. There is no need to protect the public from Jean Marshall by placing her with the Bureau of Prisons. Further it is submitted that a sentence of Supervised Release along with the mandatory restitution order is sufficient for the sentence to reflect the seriousness of the offense and to promote respect for the law.

***The kinds of sentences available and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . .***

The Guideline Sentence in this case is a period of incarceration from 10 to 16 months. Since the offense falls within Zone C of the Guidelines under Section 5C1.1(d)(2), the court has the option to split the sentence, for example, to impose a sentence of 5 months of incarceration

and 5 months of home confinement. Here however, given the age of the defendant, the immediate payment of $25,000 in restitution, the ill health of the defendant and her lack of criminal history, it is submitted that a period of Supervised Release rather than imprisonment is the appropriate sentence in this case.

## *Conclusion*

Based on the factors of 18 U.S.C. Section 3553 it is requested that the court impose upon Defendant a sentence that is "sufficient but not greater than necessary" to comply with the Act. It is submitted that a period of supervised release and the mandatory order of restitution are "sufficient but not greater than necessary" to meet the requirements of 18 U.S.C. Section 3553. Ms. Marshall deeply regrets her transaction. She has expressed her contrition in a letter to the court which is attached to the Presentence Investigation. We would ask that the court grant Defendant a free fall from the sentencing guideline and forego a term of imprisonment. We would ask that the court, instead, order a period of supervised release to assure her compliance with her vow to "never do anything wrong again."

Respectfully Submitted,

/s/ Ralph J. Schindler, Jr.

Ralph J. Schindler, Jr.
Attorney for JEAN MARSHALL

Law Office of Ralph J. Schindler, Jr.
53 West Jackson Boulevard, Suite 818
Chicago, IL 60604
(312) 554-1040